**Emiliano LOPEZ, Plaintiff–Appellant,**

v.

**James A. YATES, Warden; et al., Defendants–Appellees.**

**No. 13–17492.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed Aug. 4, 2015.

Emiliano Lopez, Avenal, CA, pro se.

* *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

## MEMORANDUM **

California state prisoner Emiliano Lopez appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892–93 (9th Cir.2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir.2008). We affirm.

Dismissal of Lopez's access-to-courts claim was proper because Lopez failed to allege facts sufficient to show that he suffered an actual injury as a result of any defendants' alleged inaction. *See Lewis v. Casey*, 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (requiring factual allegations showing actual injury in order to state an access-to-courts claim); *see also Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir.2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Lopez's claim regarding the denial of meaningful review of his grievances because there is no constitutional right to receive a particular type of prison grievance review. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.");

*see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir.2011) (requirements for establishing supervisory liability).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).